

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY 10022.3298

Gary Moy
212.471.4409 direct
212.583.9600 main
gmoy@littler.com

June 15, 2020

**VIA ECF**

Hon. Arlene R. Lindsay
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

Re:   Shanthi Weerasinghe v. Metropolitan Life Insurance Company
       No. 19 CV 4848 (JMA) (ARL)

Dear Judge Lindsay:

As counsel for Defendant Metropolitan Life Insurance Company, we write in opposition to Plaintiff's motion for an extension of time to complete discovery and to address certain allegations raised therein (see Docket Entry No. 18). At the outset, Plaintiff's letter is rife with factual errors and misleading assertions devoid context; however, Defendant addresses only the assertions that pertain to the core of Plaintiff's application.

It is true that Defendant objected to Plaintiff's First Set of Discovery Requests, but Plaintiff omits the fact that she served nearly *200* interrogatories and document requests -- for a standard single plaintiff case -- that were substantially duplicative, overlapping, and overbroad. As such, Defendant stated that it would move for a protective order unless she revised her requests, which took her approximately two and a half months to do.

Plaintiff's assertion that "Defendant is still in the process of answering these discovery requests" is *false*. Following these amendments, Defendant served discovery responses and produced documents within the parameters outlined in Defendant's responses. While Defendant represented that it would search for and produce certain additional responsive documents, Defendant has done so – 5 documents (not 16 as Plaintiff alleges)[1] that Plaintiff sought but are not relevant to her claims, *e.g.*, discrimination in pay and bonuses. Defendant's final position on its responses and objections to Plaintiff's First Set of Requests was articulated in its July 26, *2019* letter to Plaintiff's deficiency letters -- and that position has never changed.

Similarly, Defendant responded and objected to Plaintiff's Second Set of Discovery Requests in their entirety in its July 26, 2019 letter. The almost 80 additional interrogatories and document

---

[1] These documents pertain to positions other than the one Plaintiff held and regarding certain policies.

littler.com

requests (not including subparts), were duplicative of Plaintiff's First Set and/or sought information that Defendant had already produced.  As Defendant explained, there were in some instances as many as five requests for the same documents and information.  Simply stated, this is a vexatious and shoddy way to conduct litigation.  It is unacceptable to impose the burden on Defendant to incur the time and cost to sort through and respond to each numerous, duplicative request merely because Plaintiff does not want to exercise the diligence to do her homework properly.  Defendant's objection to the entirety of Plaintiff's Second Set of Discovery Requests is both warranted and appropriate.  See Synventive Molding Solutions, Inc. v. Husky Injection Molding Systems, Inc., 262 F.R.D. 368, 380 (D. Vt. 2009).

Defendant, of course, intended to comply with its discovery obligations. Defendant invited Plaintiff to reassess their Second Set of demands and, if Plaintiff identified requests that are not duplicative or for which Defendant had not produced responsive information, to serve properly tailored demands to which Defendant would respond.  But Plaintiff did not do so.  And she did not contest Defendant's July 26, 2019 objections until almost 10 months later and only after Defendant requested dates to complete depositions by the close of discovery – which, again, Plaintiff refused to provide (a contention Plaintiff did not dispute in her extension letter).

There is no excuse for Plaintiff's inaction for the last 10 months, as exemplified by Plaintiff's shifting story for her inaction. During the June 8, 2020 teleconference, Plaintiff's counsel insisted that defense counsel agreed at an October 2019 meet and confer that they would revisit their July 26, 2019 objections and re-serve discovery responses.  As set forth in Defendant's June 9, 2020 letter to the Court, defense counsel made no such representation and they instead explained to Plaintiff's counsel how the discovery requests had already been addressed.  Now, Plaintiff's counsel has revised her story to say that "Defendant's counsel agreed that they would review it" – a characterization Defendant disputes and which, in any event, is very different than withdrawing and revising responses and objections.

Plaintiff's counsel in her instant motion changes her story to allege that prior counsel, Jennifer Taiwo, on August 16, 2019, "promised" in state court that Defendant would respond to Plaintiff's discovery requests.  Again, this is false.  The undersigned contacted Ms. Taiwo who again denied Plaintiff's counsel's representations.  Plaintiff's counsel also represents that "Mr. Moy refused to answer the second wave of discovery in toto."  This too is false. The undersigned stated that Defendant already responded to Plaintiff's Second Set of Discovery Requests and that Defendant stands by its prior responses and objections, unless Plaintiff identified any error, and specifically directed counsel to an example where a request was wholly duplicative of another request that had already been answered.

Even if the Court were to excuse Plaintiff's counsel's faulty memory, that does not explain why she did nothing for almost a year.  While Defendant certainly understands the difficulties arising from the Covid-19 crisis, if Defendant broke alleged promises as Plaintiff contends, that does not explain why Plaintiff did nothing for the 7 months preceding the crisis – if the information sought was truly critical to the prosecution of Plaintiff's case.

Plaintiff's citation to the production of five (not 16) documents totaling 16 pages[2], which do not pertain to the merits of her claims and were produced within several weeks of her follow up letter, is a specious excuse designed to distract the Court from Plaintiff's failure to prosecute this case. Alleged outstanding job descriptions (for positions Plaintiff did not hold) and a vacation policy, as an example, do not prevent Plaintiff from deposing witnesses or requesting that such documents be produced in advance of a deposition (which she never sought anyway).

Plaintiff asserts that she needs additional documents. Beyond this vague assertion, Plaintiff has not actually identified either to the Court or Defendant what specifically she needs *and* exists but Defendant refused to produce. If Plaintiff believes, notwithstanding Defendant's representations, that there are other relevant documents pertaining to her allegations, she was free to depose witnesses, confirm whether there are any other documents, and serve proper follow up discovery requests. Again, Plaintiff did not do so. Although Defendant consents to a 45-day extension of time to complete depositions, Plaintiff should not be allowed to use this extension to further prolong paper discovery that she did nothing to pursue for almost a year.

Further, while Defendant understands that Plaintiff's counsel's husband needs to go to a remote island in Maine, Plaintiff's counsel clearly should have planned for this by reaching out to Defendant to address discovery disputes *in advance* of her departure and before Defendant *initiated* the attempt to complete discovery before the deadline. Moreover, even if Plaintiff's counsel's husband must be in Maine for 60 days in July and August, this does not explain why Plaintiff's counsel needs a 120-day extension. And while Plaintiff's counsel elects to reside at a remote location in Maine with poor internet access, the undersigned has resided in Maine for several years and finds it incredulous that Plaintiff's counsel cannot find internet access anywhere else in the state to conduct depositions for a few witnesses via Zoom or Webex (which the parties will likely have to do anyway because of social distancing measures).

Finally, Plaintiff's counsel claims that the undersigned "steadfastly refused to discuss an extension and discovery production issues" until the evening of June 8, 2020. This is a mindboggling false statement divorced from reality. At the outset, the undersigned notes that the June 8, 2020 call was prompted by defense counsel's unanswered emails regarding the need to submit an extension request. Defense counsel initiated communications with Plaintiff's counsel and had been in regular contact for the last several weeks. After all, defense counsel sought to complete depositions before the close of discovery – only to learn late evening June 3, 2020 that Plaintiff's counsel was refusing to produce Plaintiff. Before that call, Plaintiff never proposed a specific extension deadline and never raised the extension request or discovery disputes beyond the reference in Plaintiff's May 19, 2020 letter.

Upon receiving Plaintiff's letter, defense counsel promptly informed Plaintiff's counsel that the undersigned was focused on motion practice and other preexisting time-sensitive matters for the next week or so and that the parties' had already laid out their respective positions (long

---

[2] Defendant produced these documents notwithstanding a dispute concerning the proposed Protective Order, which Defendant will address in a separate submission. Defendant notes, however, that Plaintiff raised objections in her letter to the Court that were never articulated to Defendant, despite repeated requests for her position.

3

ago). In other words, Defendant was not going to rehash preexisting arguments. That being said, defense counsel said it would look into the issues raised in Plaintiff letter but explained that former counsel, Ms. Taiwo, maintained hard copy files, including notes and communications exchanged with Plaintiff's counsel regarding discovery issues, which are located in the undersigned's office and therefore inaccessible given the COVID-19 crisis. As such, it would obviously take some time to revisit and understand past disputes and events and formulate a response – but there was no refusal to engage in discussions

If Plaintiff's counsel had *timely* replied to Ms. Taiwo's July 26, 2019 letter, the dispute could have been expeditiously addressed at that time by counsel with full access to records. Plaintiff's last minute attempt to resurface old discovery disputes has imposed significant inconvenience and costs incurred to re-investigate these issues. Defense counsel has had to communicate with Ms. Taiwo about Plaintiff's representations only to confirm that Plaintiff's counsel's recitation of alleged facts are incorrect and that Ms. Taiwo previously addressed with Plaintiff's counsel the issues Plaintiff's counsel contends remain unresolved. Defendant has had to bear the cost of Plaintiff's tardiness, and should not have to continue to do so.

Defendant respectfully submits that the Court should not extend discovery by another 120 days and should extend discovery only for the purpose for completing depositions.

Respectfully submitted,

*/s/ Gary Moy*
Gary Moy

cc:     counsel of record (via ECF)