UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHANTHI WEERASINGHE,

                                  Plaintiff,                                          **ORDER**
                                                                                            19-CV-4848 (JMA) (ARL)

       -against-

METROPOLITAN LIFE INSURANCE COMPANY,

                                 Defendant.
-------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the Court is an application from the defendant, Metropolitan Life Insurance Company ("MetLife"), seeking to extend the plaintiff's time to produce her remaining medical records and a privilege/redaction log and to extend its time to continue the plaintiff's deposition to a date following the Court's resolution of any disputes concerning the plaintiff's production of medical records and her privilege/redaction log.  In addition, MetLife renews its request to adjourn expert discovery because the plaintiff's expert has raised a new claim of damages not asserted in the complaint or the plaintiff's Rule 26(a) disclosure, which, MetLife suggests may necessitate the production of additional medical records, a medical examination of the plaintiff and additional expert report and testimony.

      By way of background, in mid-November, MetLife sought a brief extension of time to complete the continued deposition of the plaintiff.  According to MetLife, the plaintiff, Shanthi Weerasinghe ("Weerasinghe"), had produced approximately 1000 pages of medical records on the evening of October 21, 2020, hampering its preparation for her deposition.  At the time, the parties had agreed to adjourn Weerasinghe's continued deposition to November 20, 2020, but MetLife had not received documents from several of Weerasinghe's treating physicians.  Around the same time, MetLife also filed an application seeking to extend the parties' time to complete expert discovery until after the Court's decision its anticipated motion for summary judgment or, in the alternative, to December 22, 2020.

      By order dated December 1, 2020, the undersigned issued the following amended scheduling order:

> All discovery, inclusive of expert discovery, is to be concluded by February 26, 2021. Weersinghe is directed to provide MetLife with complete responses to all outstanding discovery requests along with a privilege log by December 11, 2020.  If any discovery remains outstanding, the parties are directed to meet and confer by December 16, 2020.  If the parties are unable to resolve their disputes, the parties may submit letter motions to the Court by December 24, 2020.  Weersinghe's continued deposition to be completed by January 15, 2020.

The Court also indicated that no further adjournments would be granted without a showing of good cause.

According to MetLife, following the issuance of the order, Weerasinghe produced an additional 900+ pages of medical records, but on December 23, 2020, plaintiff's counsel indicated that there were additional medical records that needed to be reviewed and produced. Moreover, despite the Court's order, Weerasinghe failed to produce the privilege log.  Counsel for the plaintiff does not dispute that failure but explains that counsel's firm has been greatly impacted by COVID-19, including the loss of its lease and the resignation of its Office Manager/Paralegal after her Covid diagnosis.  In addition, the attorney working on the privilege log has been gravely affected by the pandemic.  Accordingly, the plaintiff's time to complete the privilege log and to produce the remaining outstanding medical record is extended to February 26, 2021.  Given this ruling, the time to complete Weersinghe's continued deposition is extended to March 12, 2021.  All discovery, inclusive of expert discovery, to be concluded by April 9, 2021.  However, immediately upon receipt of this order, counsel for the parties are directed to meet and confer to discuss the issues raised in the defendant's motion concerning the scope of discovery and the redactions in the records that have already been produced as well as the plaintiff's claim that MetLife has not fully responded to her discovery requests.  The parties are also directed to discuss the plaintiff's new theory of damages, that being, the underpayment of wages, and any discovery or anticipated motion practice related to that issue.  If the parties are unable to resolve their disputes in good faith, the parties must submit any applications, including the defendant's anticipated  motion to preclude the plaintiff's claim of damages premised on disability payments, on or before March 1, 2021.

Any party planning on making a dispositive motion must take the first step in the motion process by March 26, 2021.  The parties are directed to electronically file a joint proposed pretrial order in compliance with the district judge's individual rules, signed by counsel for each party, on or before April 9, 2021.  A final conference will be held on April 13, 2021, at 1:30 p.m.

Dated: Central Islip, New York    SO ORDERED:
      January 19, 2021

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge