FILED
CLERK

4/30/2026 11:37 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————X

SHANTHI WEERASINGHE,

               Plaintiff,

      -against-

METROPOLITAN LIFE INSURANCE
COMPANY,

               Defendant.

——————————————————————X

For Online Publication Only

**ORDER**
19-CV-4848 (JMA) (ARL)

**AZRACK, United States District Judge:**

Plaintiff Shanthi Weerasinghe ("Weerasinghe") has brought this action against Metropolitan Life Insurance Company ("MLIC") alleging federal claims for race discrimination, hostile work environment, and retaliation under 42 U.S.C. § 1981 as well as state law claims under the New York Labor Law and for breach of contract and conversion.

Currently pending before the Court is MLIC's motion for summary judgment. The Court referred that motion to Magistrate Judge Lindsay for a Report and Recommendation. On February 11, 2026, Judge Lindsay issued a Report and Recommendation (the "R&R"). In the R&R, Judge Lindsay recommended that: (1) MLIC's motion be granted as to Plaintiff's federal claims; (2) MLIC's motion be granted as to Plaintiff's state law claims for breach of contract and conversion; and (3) MLIC's motion as to Plaintiff's New York Equal Pay Act claim be dismissed with leave to renew after the parties have submitted supplemental briefing.

No objections to the R&R have been filed and the time for doing so has expired.[1]  For the reasons stated below, the R&R is adopted in its entirety.

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b)(3); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).  "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."  Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (quoting Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); see also Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same).  In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record."  Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted).

Clear error will be found only when, upon review of the entire record, the Court is "left with the definite and firm conviction that a mistake has been committed."  United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quoting United States v. Garcia, 413 F.3d 201, 222 (2d Cir. 2005)).

---

[1] Objections to the R&R were originally due on February 25, 2026.  On February 23, 2026, Plaintiff asked for an eight-week extension of time, until April 22, 2026, to file objections.  On April 6, 2026, the Court granted Plaintiff's requested extension of time.  In the Court's April 6, 2026 Order, the Court "adopt[ed] Judge Lindsay's Report and Recommendation . . . without prejudice to Plaintiff's filing of objections [by April 22, 2026]."  (Apr. 6, 2026 Order.) The Court explained that it would "consider any objections filed by Plaintiff pursuant to this schedule in the same manner it would consider objections filed within the ordinary 14-day window for objections."  (Id.)  Plaintiff did not file any objections by April 22, 2026.

The Court has carefully reviewed the record and the R&R for clear error and, finding none, adopts Judge Lindsay's R&R in its entirety as the opinion of the Court.[2]

Accordingly, MLIC's motion for summary judgment is granted in all respects except as to Plaintiff's New York Equal Pay Act claim, for which MLIC's motion is denied with leave to renew after the parties have submitted supplemental briefing.  While the Court has, for the present time, retained supplemental jurisdiction over Plaintiff's New York Equal Pay Act claim, the Court may revisit that determination after receiving the parties' supplemental briefing.

 MLIC shall file its supplemental moving papers by May 15, 2026.  Plaintiff shall file any opposition papers by June 15, 2026.  MLIC shall file any reply by June 29, 2026.

**SO ORDERED.**

Dated: April 30, 2026
Central Islip, New York

_____/s/  (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

---

[2] MLIC filed a letter motion on April 24, 2026 requesting clarification from Judge Lindsay as to whether the R&R dismissed Plaintiff's claim for unpaid vacation pay or whether the claim remains an open issue that MLIC must address in the supplemental briefing.  The Court construes the R&R, to which no objections have been filed, as recommending dismissal of any claim for unpaid vacation pay—a recommendation that the Court adopts.  The Court also stresses that MLIC moved for summary judgment on Plaintiff's claim for unpaid vacation pay, (ECF No. 116 at 25), and Plaintiff never responded to that argument or attempted to explain why she has any viable unpaid vacation pay claims.  Accordingly, Plaintiff has also abandoned any such claim.  Additionally, there is nothing in the 56.1 Statements or Plaintiff's affidavit indicating Plaintiff was treated differently than other employees with respect to unpaid vacation pay.  The 56.1 statements say nothing about unpaid vacation pay and Plaintiff's declaration simply attests that she was not paid for "accrued holiday/vacation pay."  (Pl.'s Decl. ¶ 3, ECF No. 128.)